# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |
|---|---|
| KENDRICK WATSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-02504-JTF-atc |
| ) | |
| HERBERT H. SLATERY, III, ) | |
| ) | |
| Respondent. ) | |

## ORDER DIRECTING CLERK TO MODIFY DOCKET, DISMISSING SECOND AMENDED § 2254 PETITION, DENYING A CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Before the Court is the counseled second amended petition under 28 U.S.C. § 2254 of Petitioner Kendrick Watson, Tennessee Department of Correction prisoner number 516663, an inmate incarcerated at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee. (ECF No. 11.) Respondent Herbert H. Slatery, III, has filed an answer to the second amended petition.[1] (ECF No. 17.) For the reasons that follow, the Court **DISMISSES** Petitioner's second amended § 2254 petition because the claims are procedurally defaulted and waived.

---

[1] The Clerk is **DIRECTED** to modify the docket to record Respondent as David Sexton, the Warden at the HCCF. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts (providing that the proper respondent to a habeas petition is "the state officer who has custody" over the petitioner). The Clerk is further **DIRECTED** to terminate Respondent Slatery, the former Attorney General of the State of Tennessee, who is not a proper party to this action. *See* Fed. R. Civ. P. 25(d); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (explaining that "in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official").

## BACKGROUND

Petitioner pleaded guilty in 2017 to conspiracy to introduce marijuana into a penal facility, money laundering, aggravated assault, being a convicted felon in possession of a firearm, and conspiracy to possess more than 300 pounds of marijuana. *Watson v. State*, No. W2019-00489-CCA-R3-PC, 2020 WL 7786957, at *1-2 (Tenn. Crim. App. Dec. 30, 2020). The state trial court sentenced Petitioner to a total effective sentence of 17 years of imprisonment, which was to be served consecutively to a prior sentence for a probation violation. *See id*. at *1; (*see also* ECF No. 1-2.) Petitioner did not file a direct appeal.

On May 14, 2018, Petitioner filed a *pro se* petition for state post-conviction relief, alleging that his guilty pleas were unknowing and involuntary. (ECF No. 16-1 at PageID 476.) He further alleged that: (1) he was denied the right to effective assistance of counsel because counsel failed to obtain "requested information regarding the . . . applications for wiretaps," which were exculpatory; (2) he was denied his right to due process when the state trial court refused to grant Petitioner's request for "a hearing on his motion to suppress evidence and [his] request for wiretap information"; (3) he was denied a fair trial because the prosecution "used manufactured or false telephone text messages" to coerce Petitioner's guilty plea; and (4) he was denied due process when the state trial court judge "continued to sign wiretap warrants for Petitioner's phone intercepts and refused to recuse himself from Petitioner's case or provide him a hearing." (*Id*. at PageID 477-78.)

Petitioner later filed an amended petition for post-conviction relief through appointed counsel, which asserted the same claims raised in the *pro se* petition. (*Id*. at PageID 486-88.) The post-conviction trial court held an evidentiary hearing on the amended petition and denied relief in a written order on March 8th, 2019. (*Id*. at PageID 492-98.)

Petitioner appealed the denial of habeas relief to the Tennessee Court of Criminal Appeals ("TCCA"). *Watson*, 2020 WL 7786957, at *1. After the parties filed their briefs, Petitioner moved to stay the appeal and remand the case to the post-conviction trial court so that Petitioner could amend his petition to address newly discovered evidence. (ECF No. 16-7 at PageID 1128.) The TCCA denied Petitioner's motion for a stay. (*Id*.) The TCCA later affirmed the denial of habeas relief. *Watson*, 2020 WL 7786957, at *13. Petitioner unsuccessfully petitioned the TCCA to rehear his case. (ECF No. 16-9.) The Tennessee Supreme Court denied Petitioner's application for discretionary review on March 23, 2021. (ECF No. 16-12.)

Petitioner filed a motion to reopen the state post-conviction proceedings in the post-conviction trial court on March 30, 2021. (ECF No. 1-3 at PageID 49-51.) The trial court denied the motion, finding that Petitioner did not satisfy any of the criteria in Tennessee Code Annotated § 40-30-117 for reopening post-conviction proceedings. (ECF No. 1-7 at PageID 190-92.) Petitioner filed a notice of appeal in the TCCA. (ECF No. 16-13.) The TCCA dismissed the appeal for lack of jurisdiction on July 22, 2021, because there was "no appeal as of right from the denial of a motion to reopen." (ECF No. 16-14.) The TCCA declined to construe Petitioner's notice of appeal as an application for permission to appeal under Tennessee Code Annotated § 40-30-117(c). (*Id*.)

Through counsel, Petitioner filed his initial and first amended petitions under § 2254. (ECF Nos. 1, 9.) The Court ordered Petitioner to file a second amended petition. (ECF No. 10.) Petitioner filed his second amended § 2254 petition on August 11, 2022. (ECF No. 11.) The Court issued an order directing Respondent to file the state court record and respond to the second amended § 2254 petition. (ECF No. 13.) Respondent filed the state court record (ECF No. 16) and an answer to the petition (ECF No. 17). Petitioner filed a reply. (ECF No. 18.)

## **LEGAL STANDARDS**

The statutory authority for federal courts to issue habeas corpus relief for persons in state custody is provided by § 2254, as amended by the Antiterrorism and Effective Death Penalty Act. *See* 28 U.S.C. § 2254. Under § 2254, habeas relief is available only if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The availability of federal habeas relief is further restricted where the prisoner's claim was "adjudicated on the merits" in state court. 28 U.S.C. § 2254(d). Habeas corpus relief shall not be granted on any claim that was adjudicated on the merits in state court unless the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts" based on evidence presented in state court. § 2254(d)(1)-(2).

"A federal court may not grant a writ of habeas corpus unless the applicant has exhausted all available remedies in state court." *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing 28 U.S.C. § 2254(b)(1)(A)). In Tennessee, a petitioner exhausts state remedies on a claim when the claim is presented to at least the TCCA. *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (citing Tenn. Sup. Ct. R. 39). "To be properly exhausted, each claim must have been fairly presented to the state courts." *Wagner*, 581 F.3d at 414 (internal quotation marks and citation omitted). "Fair presentation" requires the petitioner to provide the state courts with the "opportunity to see both the factual and legal basis for each claim." *Id*. at 414-15. While a petitioner need not cite "chapter and verse" of federal constitutional law to fairly raise a claim, the petitioner must "make a specific showing of the alleged claim." *Id*. at 415 (quoting *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006)). In evaluating whether a petitioner has "fairly presented" a claim to a state appellate court, the controlling document is the inmate's

brief. *See Baldwin v. Reese*, 541 U.S. 27, 39 (2004) (holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so").

The procedural default doctrine is ancillary to the exhaustion requirement. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (noting interplay between exhaustion rule and procedural default doctrine). If a petitioner fails to properly exhaust a claim in state court and state law bars proper exhaustion, the petitioner has technically exhausted the claim through procedural default because "there are no state remedies any longer 'available' to him." *Coleman v. Thompson*, 501 U.S. 722, 732 (1991) (quoting 28 U.S.C. § 2254(b)(1)(A)). Tennessee's one-year statute of limitations and "one-petition" rule on post-conviction petitions generally prevent a return to state court to litigate any additional constitutional claims. *See* Tenn. Code Ann. § 40-30-102(a) (one-year limitation period), § 40-30-102(c) ("one-petition" rule); *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (stating that a Tennessee prisoner "no longer ha[d] any state court remedies to exhaust" when he failed to present claim in initial post-conviction petition).

"As a general rule, claims forfeited under state law may support federal habeas relief only if the prisoner demonstrates cause for the default and prejudice from the asserted error." *House v. Bell*, 547 U.S. 518, 536 (2006). A petitioner establishes cause by "show[ing] that some objective factor external to the defense"—a factor that "cannot be fairly attributed to" the petitioner—"impeded counsel's efforts to comply with the State's procedural rule." *Davila v. Davis*, 582 U.S. 521, 528 (2017) (internal quotations marks and citation omitted). "To establish actual prejudice, a petitioner must show not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to *his actual* and substantial disadvantage, infecting his entire trial with error of

5

constitutional dimensions." *Garcia-Dorantes v. Warren*, 801 F.3d 584, 598 (6th Cir. 2015) (internal quotation marks and citation omitted). The burden of showing cause and prejudice is on the petitioner. *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999).

The Supreme Court has also recognized a "miscarriage of justice" exception to the procedural default rule. *Schlup v. Delo*, 513 U.S. 298, 315 (1995). This exception only applies in the "extraordinary case" and requires a petitioner to establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id*. at 321. A credible claim of actual innocence "requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id*. at 324. Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

## ANALYSIS

### I. Ground One is Procedurally Defaulted

Petitioner alleges in his first ground for relief that the prosecution failed to disclose exculpatory evidence as required under *Brady v. Maryland*, 373 U.S. 83 (1963). (ECF No. 11 at PageID 385.) Petitioner complains of allegedly "fabricated text messages" that were used "to secure search and arrest warrants" against Petitioner and his co-defendants. (*Id*. at PageID 386.) He also alleges that information included in the discovery materials for one of his co-defendant's cases proves that he was held accountable for "drugs that did not exist." (*Id*. at PageID 385.)

Petitioner describes how he attempted to place the newly discovered exculpatory evidence before the TCCA "and sought to have his appeal of [the denial of his post-conviction petition]

remanded [to the trial court], but the request was denied." (*Id.*) Petitioner believes that as a result, his state post-conviction proceeding was "incomplete," and he was denied due process. (*Id.*)

Respondent argues that Petitioner's due process claim should be dismissed because it was not properly exhausted in the state courts and is now procedurally defaulted. (ECF No. 17 at PageID 1198.) The Court agrees.

Petitioner never presented this due process claim in the state courts, and he no longer has an available state court remedy to exhaust the claim. Petitioner is limited to one post-conviction proceeding under Tennessee law, which he has already pursued. *See* § 40-30-102(c). The claim also fails to satisfy any of the four criteria in § 40-30-117(a) for reopening post-conviction proceedings.[2]

---

[2] Under § 40-30-117(a):

A petitioner may file a motion in the trial court to reopen the first post-conviction petition only if the following applies:

(1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial if retrospective application of that right is required. The motion must be filed within one . . . year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; or

(2) The claim in the motion is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one . . . year of the finality of the ruling holding the previous conviction to be invalid; and

(4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

Petitioner's claim is also not a proper basis for state habeas corpus relief. *Luttrell v. State*, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982). Under Tennessee law, habeas corpus relief is only available when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). Petitioner's due process claim does not fall within either of these categories.

Finally, because Petitioner pleaded guilty, he cannot collaterally attack his conviction through a petition for writ of error coram nobis under Tennessee Code Annotated § 40-26-105(b). *See Frazier v. State*, 495 S.W.3d 246, 247 (Tenn. 2016) (holding that the remedy in § 40-26-105 does not apply to guilty pleas). Because Petitioner no longer has an available state court remedy to exhaust his due process claim, it is procedurally defaulted. *See Coleman*, 501 U.S. at 732.

Petitioner does not attempt to show cause and prejudice for the procedural default of this claim. (*See* ECF No. 18 at PageID 1204.) Instead, he relies on the miscarriage-of-justice exception. (*Id*. at PageID at 1204-05.) However, Petitioner has not presented any "new reliable evidence" to justify this Court's review of his defaulted claim under the miscarriage of justice exception. *See Schlup*, 513 U.S. at 324. Similarly, he has not shown that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id*. at 321 (internal quotation marks and citation omitted). He only argues that he was "convicted based on false and fabricated evidence . . . and based on . . . drugs that did not exist." (ECF No. 18 at PageID 1205.) However, the Court is reminded that Petitioner pled guilty to the offenses, not that he was convicted by a jury. In any event, that same evidence was rejected by the state trial court when Petitioner offered it as a basis for reopening the post-conviction proceedings. The trial court found

that the evidence did not prove "that Petitioner's convictions should be set aside." (ECF No. 1-7 at PageID 192.) There is nothing in the Record to suggest that Petitioner is innocent of the offenses for which he was convicted. Petitioner's claim under the Due Process Clause is therefore **DISMISSED** as procedurally defaulted.[3]

## II.     Ground Two is Waived

Petitioner characterizes his second ground for relief as a claim of prosecutorial misconduct. (ECF No. 11 at PageID 388.) Petitioner alleges that the prosecution "relied on evidence that it knew was collected illegally, or fabricated, and used it against Petitioner." (*Id*.) In particular, Petitioner alleges that the State "used an illegally obtained text message" to get search and arrest warrants against Petitioner. (*Id*.) He further alleges that the State unlawfully secured and accessed Petitioner's bank records and used those records to obtain a search warrant. (*Id*.) Petitioner also complains that he was "never allowed to . . . view any of the alleged drugs or physical evidence against him." (*Id*.) Respondent argues that Petitioner's claims of prosecutorial misconduct are waived because he pleaded guilty. (ECF No. 17 at PageID 1202.)

Claims regarding the deprivation of constitutional rights that occur before entry of a guilty plea are foreclosed by the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The Supreme Court explained in *Tollett* that:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not

---

[3] Even if Petitioner's due process claim were not procedurally barred, the Court would deny the claim on the merits. Petitioner claims that his state post-conviction proceeding was "incomplete," and that he was denied due process because he was not allowed to present newly discovered exculpatory evidence. (ECF No. 11 at PageID 385.) However, "errors in [state] post-conviction proceedings are not the proper subject of the [federal] writ of habeas corpus." *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986); *see Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) (agreeing that claim related to denial of opportunity to present recantation evidence in state post-conviction proceedings was "outside the scope of federal habeas corpus review").

thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Id*.

Because Petitioner's claims of prosecutorial misconduct relate to alleged constitutional violations that occurred prior to his guilty plea, they are waived. *See United States v. Ayantayo*, 20 F. App'x 486, 488 (6th Cir. 2001) (stating that due process claims of prosecutorial misconduct are among the constitutional defects that may be forfeited by guilty plea). Petitioner's claims that the prosecution allegedly used fabricated or illegally obtained evidence to prosecute him and allegedly failed to provide discovery are foreclosed by his guilty plea.[4] Accordingly, his claims of prosecutorial misconduct are **DISMISSED**.[5]

## APPELLATE ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

---

[4] "It is well-settled that there is no general constitutional right to discovery in a criminal case." *Warlick v. Romanowski*, 367 F. App'x 634, 643 (6th Cir. 2010) (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)). Therefore, Petitioner's claim of prosecutorial misconduct related to the prosecution's alleged failure to produce "any of the . . . drugs or physical evidence against him" is subject to dismissal for the additional reason that it is not cognizable. (*See* ECF No. 11 at PageID 388.)

[5] To the extent that Petitioner's claims could be construed as alleging constitutional violations under the Fourth Amendment, such claims are also waived by Petitioner's guilty plea. *Haring v. Prosise*, 462 U.S. 306, 320 (1983) (explaining that "a Fourth Amendment claim ordinarily may not be raised in a habeas corpus proceeding following a guilty plea").
10

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2)-(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a petition is denied on procedural grounds, the petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In this case, reasonable jurists could not debate the correctness of the Court's decision to dismiss the second amended § 2254 petition on the grounds that the claims raised are either procedurally defaulted or waived. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Additionally, Federal Rule of Appellate Procedure 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5). In this case, for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Rule 24(a) that any appeal in this matter would not be taken in good faith and leave to appeal *in forma pauperis* is **DENIED.**

11

**IT IS SO ORDERED**, this 11th day of June, 2024.

                                                ***s/John T. Fowlkes, Jr.***
                                                JOHN T. FOWLKES, JR.
                                                United States District Judge